# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Sunnyhill Ventures 2020, LLC** | CIVIL ACTION NO: |
| Plaintiff | VERIFIED COMPLAINT |
| vs. | RE: <br> 71 Dunnell Road, Buxton, ME 04093 |
| **Brady C. Dix and Melanie A. Dix** | Mortgage: <br> September 26, 2005 |
| Defendants | Book 14634, Page 538 <br> York County Registry of Deeds |
| **Maine Revenue Services** <br> **Internal Revenue Service** | Not Owner Occupied |
| Parties-in-Interest | |

NOW COMES the Plaintiff, Sunnyhill Ventures 2020, LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Brady C. Dix and Melanie A. Dix, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Sunnyhill Ventures 2020, LLC, in which the Defendant, Brady C. Dix, is the obligor and the total

amount owed under the terms of the Note is Three Hundred Three Thousand Two Hundred Eighty-Eight and 16/100 ($303,288.16) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Sunnyhill Ventures 2020, LLC is a limited liability company with its principal place of business located at 5250 Port Royal Road, Springfield, VA 22151.

5. The Defendant, Brady C. Dix, 50 Emery Circle, Buxton, Maine 04093, is a resident of Buxton, County of York and State of Maine.

6. The Defendant, Melanie A. Dix, 62 Ropewalk Drive, Hollis, Maine 04042 is a resident of Hollis Center, County of York and State of Maine.

7. The Party-in-Interest, Internal Revenue Service, is located at c/o John G. Osborn, Esq., Office of the U.S. Attorney General, 100 Middle Street, East Tower, 6th Floor, Portland, ME 04101.

8. The Party-in-Interest, Maine Revenue Services, is located at c/o Lawrence S. Delaney, Esq., Office of the Attorney General, 6 State House Station, Augusta, ME 04333.

# FACTS

9. On June 16, 2000, by virtue of a Warranty Deed from James H. Pyle, Jr. and Carmela M. Miraglia, which is recorded in the York County Registry of Deeds in **Book 10087, Page 75**, the property situated at 71 Dunnell Road, City/Town of Buxton, County of York, and State of Maine, was conveyed to Brady C. Dix and Melanie A. Dix, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On September 26, 2005, Defendant, Brady C. Dix, executed and delivered to **Equity One, Inc.** a certain Note under seal in the amount of $197,400.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on September 26, 2005, Defendants, Brady C. Dix and Melanie A. Dix executed a Mortgage Deed in favor of **Mortgage Electronic Registration Systems, Inc. as nominee for Equity One, Inc.,** securing the property located at 71 Dunnell Road, Buxton, ME 04093 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 14634**, **Page 538**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned by Mortgage Electronic Systems, Inc. as nominee for Equity One Inc. to **Popular Financial Services LLC 667/668** by virtue of an Assignment of Mortgage, dated July 17, 2008, and recorded in the York County Registry of Deeds in **Book 15498**, **Page 889**, as affected by Rescission of Assignment of Mortgage, dated January 7, 2014, and recorded in said Registry of Deeds at **Book 17138, Page 440**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein) and Exhibit E (a true and correct copy of the Rescission of Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned by Mortgage Electronic Systems, Inc. as nominee for Equity One Inc. to **MTGLQ Investors, L.P.** by virtue of an Assignment of Mortgage, dated December 12, 2008, and recorded in the York County Registry of Deeds in **Book 15540**, **Page 407,** as affected by Rescission of Assignment of Mortgage, dated January 7, 2014, and recorded in said Registry of Deeds in **Book 17138, Page 441**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein) and Exhibit G (a true and correct copy of the Rescission of Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned by MTGLQ Investors, L.P. to **Goldman Sachs Mortgage Company** by virtue of an Assignment of Mortgage, dated September 22, 2010, and recorded in the York County Registry of Deeds in **Book 15952**, **Page 972**, as affected by Rescission of Assignment of Mortgage, dated January 7, 2014, and recorded at **Book 17138, Page 442**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein) and Exhibit I (a true and correct copy of the Rescission of Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned by Goldman Sachs Mortgage Company to Goshen Mortgage LLC by virtue of an Assignment of Mortgage, dated April 10, 2012, and recorded in the York County Registry of Deeds in **Book 16302**, **Page 793**, as affected by Rescission of Assignment of Mortgage, dated January 7, 2014, and recorded in said Registry of Deeds at **Book 17138, Page 443**. *See* Exhibit J (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein) and Exhibit K (a true and correct copy of the Rescission of Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned by Mortgage Electronic Systems, Inc. as nominee for Equity One Inc. to **GDBT I TRUST 2011-1** by virtue of an Assignment of Mortgage,

dated November 29, 2012, and recorded in the York County Registry of Deeds in **Book 16486**, **Page 831,** *see* Exhibit L (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein), as affected by Confirmatory Assignment of Mortgage, dated January 31, 2013, and recorded in said **Book 16549, Page 360**, *see* Exhibit M (a true and correct copy of the Confirmatory Assignment of Mortgage is attached hereto and incorporated herein), and as affected by Rescission of Assignment of Mortgage, dated January 14, 2014, and recorded in said Registry of Deeds at **Book 17138, Page 444**, *see* Exhibit N (a true and correct copy of the Rescission of Assignment of Mortgage is attached hereto and incorporated herein),and further affected by Rescission of Assignment of Mortgage, dated January 14, 2014, and recorded in said Registry of Deeds at **Book 17138, Page 445**, *see* Exhibit O (a true and correct copy of the Rescission of Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then assigned by Mortgage Electronic Systems, Inc. as nominee for Equity One Inc. to **MTGLQ Investors, LP** by virtue of an Assignment of Mortgage, dated January 7, 2014, and recorded in the York County Registry of Deeds in **Book 17138**, **Page 446**. *See* Exhibit P (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. The Mortgage was then assigned by MTGLQ Investors, LP to **Goldman Sachs Company** by virtue of an Assignment of Mortgage, dated January 7, 2014, and recorded in the York County Registry of Deeds in **Book 17138**, **Page 447**. *See* Exhibit Q (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

19. The Mortgage was then assigned by Goldman Sachs Company to **Goshen Mortgage LLC** by virtue of an Assignment of Mortgage, dated January 9, 2014, and recorded in the York

County Registry of Deeds in **Book 17138**, **Page 448**. *See* Exhibit R (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

20. The Mortgage was then assigned by Goshen Mortgage LLC to **Kirkland Investors LLC** by virtue of an Assignment of Mortgage, dated January 14, 2014, and recorded in the York County Registry of Deeds in **Book 17138**, **Page 449**. *See* Exhibit S (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

21. The Mortgage was then assigned by Andesite NPL Kirkland-29, LLC to **R & R Capital Holdings LLC** by virtue of an Assignment of Mortgage, dated November 16, 2016, and recorded in the York County Registry of Deeds in **Book 17404**, **Page 427**. *See* Exhibit T (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

22. The Mortgage was then assigned by R & R Capital Holdings LLC to **Strategic Realty Fund, LLC** by virtue of an Assignment of Mortgage, dated November 16, 2016, and recorded in the York County Registry of Deeds in **Book 17404**, **Page 429**. *See* Exhibit U (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

23. The Mortgage was further assigned by Equity One, Inc., by its Attorney in Fact Litton Loan Servicing, LP to **Strategic Realty Fund, LLC** by virtue of a Quitclaim Assignment, dated April 29, 2019, and recorded in the York County Registry of Deeds in **Book 17989, Page 520**. *See* Exhibit V (true and correct copies of the Quitclaim Assignment and Power of Attorney dated September 1, 2009 appointing Litton Loan Servicing LP its lawful Attorney-in-fact is attached hereto and incorporated herein).[1]

---

[1] Exhibits D-U are included as they are of record, however, standing is established by virtue of the Quitclaim assignment, Exhibit V, and the assignments that follow.

24. The Mortgage was then assigned by Strategic Realty Fund, LLC to **Sunnyhill Ventures 2020, LLC** by virtue of an Assignment of Mortgage dated March 23, 2022 and recorded in the York County Registry of Deeds in **Book 19025**, **Page 549**. *See* Exhibit W (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

25. On August 29, 2019, the Defendants, Brady C. Dix and Melanie A. Dix, were sent notice in compliance with the terms of the Note and Mortgage and, although not residing in the property, a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit X (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

26. The Demand Letter informed the Defendants, Brady C. Dix and Melanie A. Dix, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit X.

27. The Defendants, Brady C. Dix and Melanie A. Dix, failed to cure the default prior to the expiration of the Demand Letter.

28. The Plaintiff, Sunnyhill Ventures 2020, LLC, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

29. The Plaintiff, Sunnyhill Ventures 2020, LLC, is the lawful holder and owner of the Note and Mortgage.

30. The Plaintiff, Sunnyhill Ventures 2020, LLC, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

31. The Plaintiff further alleges that the Notice was not required by 14 M.R.S.A. § 6111 as the owners did not occupy the mortgaged premises at the time the notices were sent.

32. Maine Revenue Services is a Party-in-Interest pursuant to a Notices of State Tax Lien in the amount of $5,304.54, dated October 27, 2013, and recorded in the York County Registry of Deeds in **Book 16722**, **Page 970**; a Notice of State Lien in the amount of $4,738.79 dated July 5, 2015, and recorded in the York County Registry of Deeds in **Book 17053**, **Page 871**; and a Notice of State Lien in the amount of $4,836.27, dated August 10, 2016, and recorded in the York County Registry of Deeds in **Book 17298**, **Page 716,** and is in second position behind Plaintiff's Mortgage.

33. Internal Revenue Service is a Party-in-Interest pursuant to a Notice of Federal Tax Lien in the amount of $13,502.37, dated February 19, 2019, and recorded in the York County Registry of Deeds in **Book 17900**, **Page 869**, and is in third position behind Plaintiff's Mortgage.

34. The total debt owed under the Note and Mortgage as of June 30, 2022 is Three Hundred Three Thousand Two Hundred Eighty-Eight and 16/100 ($303,288.16) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $198,652.73 |
| Interest | $72,461.36 |
| Late Charges | $1,294.25 |
| Servicer Advances (Taxes & Insurance) | $30,879.82 |
| Grand Total | $303,288.16 |

35. Upon information and belief, neither Defendant is presently in possession of the subject property originally secured by the Mortgage.

36. Additionally, if either of the Defendants, Brady C. Dix and Melanie A. Dix, have received a Bankruptcy Discharge of this Debt, then this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT I – FORECLOSURE AND SALE

37. The Plaintiff, Sunnyhill Ventures 2020, LLC, repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 71 Dunnell Road, Buxton, County of York, and State of Maine. *See* Exhibit A.

39. The Plaintiff, Sunnyhill Ventures 2020, LLC, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Sunnyhill Ventures 2020, LLC, has the right to foreclosure and sale upon the subject property.

40. The Plaintiff, Sunnyhill Ventures 2020, LLC, is the current owner and investor of the aforesaid Mortgage and Note.

41. The Defendants, Brady C. Dix and Melanie A. Dix, are presently in default on said Mortgage and Note, having failed to make the monthly payment due March 1, 2012, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note, however, Defendant, Melanie A. Dix, did not sign the Note and has no personal liability thereunder.

42. As set forth in detail in Paragraph 34, the total debt owed under the Note and Mortgage as of June 30, 2022, is Three Hundred Three Thousand Two Hundred Eighty-Eight and 16/100 ($303,288.16) Dollars.

43. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

44. By virtue of the Defendants, Brady C. Dix and Melanie A. Dix's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

45. Notwithstanding the fact that the Defendants do not occupy the mortgage premises, notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage, was sent to the Defendants, Brady C. Dix and Melanie A. Dix, on August 29, 2019, both at the property and at the mailing addresses provided as evidenced by the Certificate of Mailing. *See* Exhibit X.

46. The Defendants, Brady C. Dix and Melanie A. Dix, are not in the Military as evidenced by the attached Exhibit Y.

47. Additionally, if either of the Defendants, Brady C. Dix and Melanie A. Dix, have received a Bankruptcy Discharge of this Debt, then this action <u>does not</u> seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE -Brady C. Dix

48. The Plaintiff, Sunnyhill Ventures 2020, LLC, repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. On September 26, 2005, the Defendant, Brady C. Dix, executed under seal and delivered to Equity One, Inc. a certain Note in the amount of $197,400.00. *See* Exhibit C.

50. The Defendant, Brady C. Dix, is in default for failure to properly tender the March 1, 2012, payment and all subsequent payments. *See* Exhibit X.

51. The Plaintiff, Sunnyhill Ventures 2020, LLC, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Brady C. Dix.

52. The Defendant, Brady C. Dix, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

53. The Defendant Brady C. Dix's breach is knowing, willful, and continuing.

54. The Defendant Brady C. Dix's breach has caused Plaintiff Sunnyhill Ventures 2020, LLC to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

55. As set forth in detail in Paragraph 34, the total debt owed under the Note and Mortgage as of June 30, 2022, if no payments are made, is Three Hundred Three Thousand Two Hundred Eighty-Eight and 16/100 ($303,288.16) Dollars.

56. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

57. Additionally, this Count is not brought against Melanie Dix, the Plaintiff does not seek personal liability from Melanie Dix, and if either of the Defendants, Brady C. Dix or Melanie A. Dix, have received a Bankruptcy Discharge of this Debt, then this action <u>does not</u> seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT III

## BREACH OF CONTRACT, MONEY HAD AND RECEIVED-Brady C. Dix

58. The Plaintiff, Sunnyhill Ventures 2020, LLC, repeats and re-alleges paragraphs 1 through 57 as if fully set forth herein.

59. By executing, under seal, and delivering the Note, the Defendant, Brady C. Dix, entered into a written contract with Equity One, Inc. who agreed to loan the amount of $197,400.00 to the Defendant. *See* Exhibit B.

60. As part of this contract and transaction, the Defendants, Brady C. Dix and Melanie A. Dix, executed the Mortgage to secure the Note and the subject property, however, since Defendant, Melanie A. Dix did not sign the Note, she has no personal liability thereunder. *See* Exhibit C.

61. The Plaintiff, Sunnyhill Ventures 2020, LLC, is the proper holder of the Note and successor-in-interest to Equity One, Inc., and has performed its obligations under the Note and Mortgage.

62. The Defendants, Brady C. Dix and Melanie A. Dix, breached the terms of the Note and Mortgage by failing to properly tender the March 1, 2012 payment and all subsequent payments, however, since Melanie A. Dix did not sign the Note, she has no personal liability thereunder. *See* Exhibit X.

63. The Plaintiff, Sunnyhill Ventures 2020, LLC, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Brady C. Dix.

64. The Defendant, Brady C. Dix, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

65. The Defendant, Brady C. Dix, is indebted to Sunnyhill Ventures 2020, LLC in the sum of Three Hundred Three Thousand Two Hundred Eighty-Eight and 16/100 ($303,288.16) Dollars, for money lent by the Plaintiff, Sunnyhill Ventures 2020, LLC, to the Defendant.

66. Defendant, Brady C. Dix's breach is knowing, willful, and continuing.

67. Defendant, Brady C. Dix's breach has caused Plaintiff, Sunnyhill Ventures 2020, LLC, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

68. As set forth in detail in Paragraph 34, the total debt owed under the Note and Mortgage as of June 30, 2022, if no payments are made, is Three Hundred Three Thousand Two Hundred Eighty-Eight and 16/100 ($303,288.16) Dollars.

69. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

70. Additionally, if either of the Defendants, Brady C. Dix and Melanie A. Dix, have received a Bankruptcy Discharge of this Debt, then this action <u>does not</u> seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT IV – UNJUST ENRICHMENT

71. The Plaintiff, Sunnyhill Ventures 2020, LLC, repeats and re-alleges paragraphs 1 through 70 as if fully set forth herein.

72. Equity One, Inc., predecessor-in-interest to Sunnyhill Ventures 2020, LLC, loaned the Defendant, Brady C. Dix, $197,400.00. *See* Exhibit B.

73. The Defendants, Brady C. Dix and Melanie A. Dix, have failed to repay the loan obligation, however, since Defendant, Melanie A. Dix did not sign the Note, she has no personal liability thereunder;

74. As a result, the Defendants, Brady C. Dix and Melanie A. Dix, have been unjustly enriched to the detriment of the Plaintiff, Sunnyhill Ventures 2020, LLC as successor-in-interest to Equity One, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

75. As such, the Plaintiff, Sunnyhill Ventures 2020, LLC, is entitled to relief.

76. Additionally, if either of the Defendants, Brady C. Dix and Melanie A. Dix, have received a Bankruptcy Discharge of this Debt, then this action <u>does not</u> seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Sunnyhill Ventures 2020, LLC, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Sunnyhill Ventures 2020, LLC, upon the expiration of the period of redemption;

c) Find that the Defendant, Brady C. Dix, is in breach of the Note by failing to make payment due as of March 1, 2012, and all subsequent payments, and since Defendant, Melanie A. Dix did not sign the Note, she has no personal liability thereunder;

d) Find that the Defendants, Brady C. Dix and Melanie A. Dix, are in breach of the Mortgage by failing to make payment due as of March 1, 2012, and all subsequent payments, and since Defendant, Melanie A. Dix did not sign the Note, she has no personal liability thereunder;

e) Find that the Defendants, Brady C. Dix and Melanie A. Dix, entered into a contract for a sum certain in exchange for a security interest in the subject property, and since Defendant, Melanie A. Dix did not sign the Note, she has no personal liability thereunder;

f) Find that the Defendant, Brady C. Dix is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due March 1, 2012 and all subsequent payments, and since Defendant, Melanie A. Dix did not sign the Note, she has no personal liability thereunder;

g) Find that the Plaintiff, Sunnyhill Ventures 2020, LLC, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Brady C. Dix and Melanie A. Dix have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Sunnyhill Ventures 2020, LLC, to restitution;

j) Find that the Defendants, Brady C. Dix and Melanie A. Dix, are liable to the Plaintiff, Sunnyhill Ventures 2020, LLC, for money had and received, however, since Defendant, Melanie A. Dix did not sign the Note, she has no personal liability thereunder;

k) Find that the Defendants, Brady C. Dix and Melanie A. Dix, have appreciated and retained the benefit of the Mortgage and the subject property;

l) Find that it would be inequitable for the Defendants, Brady C. Dix and Melanie A. Dix, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

m) Find that the Plaintiff, Sunnyhill Ventures 2020, LLC, is entitled to restitution for this benefit from the Defendant, Brady C. Dix;

n) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

o) Additionally, issue a money judgment against the Defendant, Brady C. Dix, and in favor of the Plaintiff, Sunnyhill Ventures 2020, LLC, in the amount of Three Hundred Three Thousand Two Hundred Eighty-Eight and 16/100 ($303,288.16) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs, since Defendant, Melanie A. Dix, did not sign the Note she has no personal liability thereunder;;

p) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Sunnyhill Ventures 2020, LLC,
By its attorneys,

Dated: August 8, 2022

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| Sunnyhill Ventures 2020, LLC | CIVIL ACTION NO: |
|---|---|
| Plaintiff | COMPLAINT |
| vs. | RE:<br>71 Dunnell Road, Buxton, ME 04093 |
| Brady C. Dix and Melanie A. Dix | Mortgage:<br>September 26, 2005 |
| Defendants | Book 14634, Page 538<br>York County Registry of Deeds |
| Maine Revenue Services<br>Internal Revenue Service | Not Owner Occupied |
| Parties-in-Interest | |

## VERIFICATION OF COMPLAINT

STATE OF Virginia )
)
COUNTY OF Fairfax ) ss.

Christopher Seveney, being duly sworn, deposes and says the following:

I am the Managing Member of Sunnyhill Ventures 2020, LCC, the plaintiff or servicer for the loan at issue in this cause of action. As such, I am authorized to make this Affidavit and I have personal knowledge of the facts and matters stated herein.

I have read the foregoing Verified Complaint and authorize its filing. I know its contents to be true, except those matters that are alleged on information and belief, and as to those matters, I am informed and believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ~~July~~ August 1, 2022, in Fairfax, State of Virginia

Dated: ~~July~~ August 1, 2022

SUNNYHILL VENTURES 2020, LLC

By: _____
Name: Christopher Severley
Title: Managing Member

SWORN TO AND SUBSCRIBED before me this 01st day of ~~July~~ Aug, 2022.

_____
Notary Public

My Commission Expires: Nov 30, 2023

IFTEKER H. KHAN
Notary Public
COMMONWEALTH OF VIRGINIA
REG# 7142785
MY COMMISSION EXPIRES NOV. 30, 2023