ORIGINAL

# NOTE

MIN 1000466-0000546051-5

September 26, 2005     Marlton     New Jersey
[Date]     [City]     [State]

71 Dunnell Road, Buxton, ME 04093

[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 197,400.00     (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Equity One, Inc.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of    7.2500    %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the    1st    day of each month beginning on    November 1, 2005    . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on    October 1, 2035    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 301 Lippincott Drive, Marlton, NJ 08053

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $1,346.62    .

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MAINE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

VMP -5N(ME) (0005) MW 05/00    Form 3220 1/01
VMP MORTGAGE FORMS - (800)521-7291

Page 1 of 3     Initials: _BCO_

EXHIBIT B

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

#### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of     15     calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     5.0000     % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

#### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

#### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

#### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

#### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any interest in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, Lender will not require immediate payment in full if prohibited by Applicable Law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement, following the procedures in Section 15. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Brady C. Dix_ (Seal) -Borrower

_____ (Seal) -Borrower

_____ (Seal) -Borrower

_____ (Seal) -Borrower

_____ (Seal) -Borrower

_____ (Seal) -Borrower

_____ (Seal) -Borrower

_____ (Seal) -Borrower

PAY TO THE ORDER OF
WITHOUT RECOURSE
MTGLQ Investors, L.P.
BY:
_____, VICE PRESIDENT

[Sign Original Only]

VMP®-5N(ME) (0005)   Page 3 of 3   Form 3220 1/01

PAY TO THE ORDER OF:
Goshen Mortgage LLC
WITHOUT RECOURSE
GOLDMAN SACHS MORTGAGE COMPANY
BY: _____
Dylan Hoyt
Attorney-in-Fact

Litton Loan No.:
Investor#:
Borrower: Brady C. Dix
Address: 71 Dunnell Road, Buxton, ME 04093
Loan Amount: $197,400.00

## NOTE ALLONGE

FOR THE PURPOSE OF ENDORSEMENT OF THE ATTACHED NOTE, THIS ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE.

Pay to the order of

**Goldman Sachs Mortgage Company**

By: _____
John Crandall, Vice President Litton Loan Servicing, LP
Attorney in Fact for MTGLQ

# ALLONGE TO NOTE

Borrower name: Brady C. Dix
Original Loan Amt: $197,400.00
Original Note Date: September 26, 2005
Property Address: 71 Dunnell Road
Buxton ME 04093

**Pay to the order of:**

## Goshen Mortgage LLC as Separate Trustee for GDBT I Trust 2011-1

**WITHOUT RECOURSE**

## Goshen Mortgage LLC

BY: _Sharon Say_ (signature)

Name: Sharon Sargent - AVP

Title: AMS Servicing as Attorney-in-Fact

## ALLONGE TO NOTE

Loan Number:

Original Loan Amount:   $197,400.00

Borrower:                Brady C. Dix

Property Address:        71 Dunnell Road, Buxton, ME 04093

Date of Note:            September 26, 2005

Without Recourse:        Goshen Mortgage LLC as separate trustee for GDBT I Trust 2011-1

Pay to the order of:

_____

Goshen Mortgage LLC as separate trustee for GDBT I Trust 2011-1

By: *Anthony M____*

Name: *Anthony Mann*

Title: *Vice President*

## PREPAYMENT RIDER TO NOTE

This PREPAYMENT RIDER TO NOTE is made this    26th      day of September, 2005 and is incoporated into and amends, modifies and supplements the Note of the same date given by the undersigned (the "Borrower") to Equity One, Inc.
(the "Lender") and any riders or modifications thereto ("Note').

In addition to the agreements made in the Note, Borrower and Lender further agrees as follows:

1. The section of the Note entitled **"Borrower's Right to Prepay"**, is hereby deleted in its entirety and replaced with the following language:

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due, but the Note Holder may apply any tendered payments first to any amounts then due and owing under this Note or under the Security Instrument and then to principal not yet due. A payment of principal only is known as a "prepayment". A prepayment of all the unpaid principal is known as a "full prepayment". A prepayment of only part of the unpaid principal is known as a "partial prepayment". When I make a prepayment I will tell the Note Holder in writing that I am doing so.

If I make a partial prepayment, there will be no changes in the due dates or amounts of my subsequent scheduled monthly payments unless the Note Holder agrees in writing to those changes. Partial prepayments shall be applied to the last scheduled installments in reverse chronological order, unless otherwise required by applicable law, starting with the final scheduled monthly installment. If the aggregate amount of principal prepaid in any twelve (12) month period exceeds twenty percent (20%) of the original principal amount of this Note during the first  THREE (3)       year(s) commencing from the date of this Note, then as consideration for the acceptance of such prepayment, and in addition to any other sum payable hereunder, I agree to pay the Note Holder a prepayment charge equal to six (6) months interest on the amount of any prepayment exceeding (20%) of the original principal loan amount.

2. Section 3 of the Note regarding application of payments is hereby amended by adding prepayment charges to the list of "other charges".

_____(Seal)    _____(Seal)
Borrower  Brady C. Dix                                     Borrower

_____(Seal)    _____(Seal)
Borrower                                                            Borrower

EQ1/PFS Prepay Rider 1st Lien
JB/12/30/02