

NANCY E HAMMOND, REGISTER OF DEEDS
Bk 17989 PG 520
Instr # 2019025341
07/05/2019 01:15:33 PM
Pages 5    YORK CO

## Quitclaim Assignment

WHEREAS, Equity One, Inc., is identified as the "Lender" on a certain mortgage executed by Brady C. Dix and Melanie A. Dix, and bearing the date of September 26, 2005, securing the property located at 71 Dunnell Road, Buxton, in the County of York and State of Maine and recorded in the York County Registry of Deeds in Book 14634, Page 538 (hereinafter the "Mortgage");

WHEREAS, Lender wishes to convey and assign any and all rights it may have under the Mortgage to Strategic Realty Fund, LLC ("Assignee"); and

WHEREAS, this Quitclaim Assignment is not intended to and does not modify or assign any of the rights, title or interests that MERS has or had in the Mortgage.

Accordingly, Lender hereby assigns and quit claims to Assignee all of its rights, title and interests (whatever they may be, if any) in the Mortgage to Assignee.

Equity One, Inc., By Its Attorney In Fact
Litton Loan Servicing, LP

_____
Marianette Ali, Senior Servicing Operations Specialist

STATE OF FLORIDA

COUNTY OF PALM BEACH

Subscribed before me, on __APR 2 9 2019__, by __Marianette Ali__ as Senior Servicing Operations Specialist, He/<u>she</u> is <u>personally known to me</u> or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument.

Notary Public State of Florida
Joe Simmons
My Commission GG 131461
Expires 10/16/2021

Notary Public _____Joe Simmons_____
My Commission expires: 10/16/2021

→ Doonan, Graves
100 Cummings Center Ste 225D
Beverly MA 01915

5 pgs

EXHIBIT V

CFN 20120364201
OR BK 25455 PG 1748
RECORDED 09/14/2012 09:32:54
Palm Beach County, Florida
Sharon R. Bock, CLERK & COMPTROLLER
Pgs 1748 - 1751; (4pgs)

2628

RECORDING REQUESTED BY
& AFTER RECORDING RETURN TO:
Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409

## LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that Equity One, Inc., ("Equity One") hereby constitutes and appoints Litton Loan Servicing LP, a Delaware limited partnership ("Litton"), by and through Litton's officers, Equity One's true and lawful Attorney-in-Fact, in Equity One's name, place and stead and for Equity One's benefit, in connection with all mortgage loans serviced by Litton pursuant to the Asset Purchase Agreement dated August 29, 2008 by and among Goldman Sachs Mortgage Company, Goldman, Sachs & Co., and Litton Loan Servicing, LP, as Purchasers, Popular Mortgage Servicing, Inc., Equity One, Inc., Equity One, Incorporated, Equity One Consumer Loan Company, Inc., E-LOAN Auto Fund Two, LLC, Popular Financial Services, LLC, and Popular FS, LLC, as Sellers, and Popular, Inc. and Popular North America, Inc., for the purpose of performing all acts and executing all documents in the name of the Equity One as may be customarily and reasonably necessary and appropriate to effectuate the following enumerated transactions in respect of any of the mortgages or deeds of trust (the "Mortgages" and the "Deeds of Trust" respectively) and promissory notes secured thereby (the "Mortgage Notes") for which the undersigned is named therein as mortgagee or beneficiary or has become mortgagee by virtue of endorsement of the Mortgage Note secured by any such Mortgage or Deed of Trust, and for which Litton is acting as Servicer.

This appointment shall apply to the following enumerated transactions only:

1.  The modification or re-recording of a Mortgage or Deed of Trust, where said modification or re-recording is for the purpose of correcting the Mortgage or Deed of Trust to conform same to the original intent of the parties thereto or to correct title errors discovered after such title insurance was issued and said modification or re-recording, in either instance, does not adversely affect the lien of the Mortgage or Deed of Trust as insured, and otherwise conforms to the provisions of the Agreements.

Inv. 408 – Equity One, Inc.

2. The subordination of the lien of a Mortgage or Deed of Trust to an easement in favor of a public utility company or a government agency or unit with powers of eminent domain; this section shall include, without limitation, the execution of partial satisfactions/releases, partial reconveyances or the execution or requests to trustees to accomplish same.

3. The conveyance of the properties to the mortgage insurer, or the closing of the title to the property to be acquired as real estate owned, or conveyance of title to real estate owned.

4. The completion of loan assumption agreements.

5. The full satisfaction/release of a Mortgage or Deed of Trust or full conveyance upon payment and discharge of all sums secured thereby, including, without limitation, cancellation of the related Mortgage Note.

6. The assignment of any Mortgage or Deed of Trust and the related Mortgage Note, in connection with the repurchase of the mortgage loan secured and evidenced thereby.

7. The full assignment of a Mortgage or Deed of Trust upon payment and discharge of all sums secured thereby in conjunction with the refinancing thereof, including, without limitation, the assignment of the related Mortgage Note.

8. With respect to a Mortgage or Deed of Trust, the foreclosure, the taking of a deed in lieu of foreclosure, or the completion of judicial or non-judicial foreclosure or termination, cancellation or rescission of any such foreclosure, including, without limitation, any and all of the following acts:

    a. the substitution of trustee(s) serving under a Deed of Trust, in accordance with state law and the Deed of Trust;

    b. the preparation and issuance of statements of breach or non-performance;

    c. the preparation and filing of notices of default and/or notices of sale;

    d. the cancellation/rescission of notices of default and/or notices of sale;

    e. the taking of a deed in lieu of foreclosure; and

    f. the preparation and execution of such other documents and performance of such other actions as may be necessary under the terms of the Mortgage, Deed of Trust or state law to expeditiously complete said transactions in paragraphs 8.a. through 8.e., above.

9. With respect to the sale of property acquired through a foreclosure or deed-in lieu of foreclosure, including without limitation, the execution of the following documentation:

    a. listing agreements;

2

  b. purchase and sale agreements;

  c. grant/warranty/quit claim deeds or any other deed causing the transfer of title of the property to a party contracted to purchase same;

  d. escrow instructions; and

  e. any and all documents necessary to effect the transfer of property.

10. The modification or amendment of escrow agreements established for repairs to the mortgaged property or reserves for replacement or personal property.

The undersigned gives said Attorney-in-Fact full power and authority to execute such instruments and to do and perform all and every act and thing necessary and proper to carry into effect the power or powers granted by or under this Limited Power of Attorney as fully as the undersigned might or could do, and hereby does ratify and confirm to all that said Attorney-in-Fact shall be effective as of the date hereof.

This limited Power of Attorney is entered into and shall be governed by the laws of the State of Texas without regard to conflicts of law principles of such state.

Third parties without actual notice may rely upon the exercise of the power granted under this Limited Power of Attorney; and may be satisfied that this Limited Power of Attorney shall continue in full force and effect and has not been revoked unless an instrument of revocation has been made in writing by the undersigned.

3

IN WITNESS WHEREOF, Equity One, Inc., has caused its corporate seal be hereto affixed and these presents to be signed and acknowledged in its name and behalf by Equity One, Inc. its duly elected and authorized _President_ this 1st day of September, 2009.

        Equity One, Inc.

        By: _____
        Name: Brian F. Doran
        Title: President

        Witness: _____
        Name: Nancy Herrera
        Title: Operations Manager

        Witness: _____
        Name: Vonetta Knox
        Title: Paralegal

STATE OF NEW YORK
COUNTY OF NEW YORK

On September 1, 2009, before me, Jacquelin Taveras, a Notary Public personally appeared Brian F. Doran, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he executed that same in his authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of New York that the foregoing paragraph is true and correct.

    WITNESS my hand and official seal.
    (SEAL)

        _____
        Notary Public, State of New York

JACQUELIN TAVERAS
NOTARY PUBLIC STATE OF NEW YORK
NO. 01TA6001871
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES JANUARY 26, 2010

4



I hereby certify the foregoing is a true copy of the record in my office with redactions, if any as required by law as of this day, Aug 22, 2018.
Sharon R. Bock, Clerk and Comptroller, Palm Beach County, Florida
BY _____ Deputy Clerk